NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000874
23-FEB-2016
09:08 AM

NO. CAAP-15-0000874

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

M POCKET CORPORATION, Plaintiff-Appellee, v.
SHANGHAI SHANGHAI, LLC dba MAUI KITCHEN; and
RONALD AU, Defendants-Appellants, and
RONALD AU, dba MAUI KITCHEN, Defendant and Third-Party
Plaintiff-Appellant, v. M POCKET CORPORATION, a
Hawai'i Limited Partnership; PETER C.K. FONG, SOFOS
REALTY CORPORATION; MOLLY ROBERTS; SISSY NOELANI,
Third-Party Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 14-1-2398)

ORDER
DISMISSING APPELLATE COURT CASE NUMBER
CAAP-15-0000874 FOR LACK OF APPELLATE JURISDICTION
AND
DISMISSING ALL PENDING MOTIONS AS MOOT
(By: Foley, Presiding Judge, Leonard and Ginoza, JJ.)

Upon review of the record on appeal, it appears that we lack appellate jurisdiction over Defendants/Counterclaim-Plaintiffs/Third-Party Plaintiffs/Appellants Shanghai Shanghai, LLC, dba Maui Kitchen, and Ronald Au's (the Appellants) appeal from

- five interlocutory orders in the Circuit Court of the First Circuit (Circuit Court) Civil No. 14-1-2398-11 (KKS), the Honorable Karl K. Sakamoto presiding (the Circuit Court Orders), and

- two interlocutory orders in the Honolulu Division of the District Court of the First Circuit (District Court) Civil No. 1RC14-1-7371, the Honorable Michael K. Tanigawa presiding (the District Court Orders),

because the respective courts have not yet finally adjudicated all of the remaining substantive claims, as Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2015) requires.

With respect to the Circuit Court Orders, HRS § 641-1(a) authorizes appeals from civil circuit court cases to the Hawai'i Intermediate Court of Appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) requires that "[e]very judgment shall be set forth on a separate document." "An appeal may be taken from circuit court orders resolving claims against parties only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008); Bailey v. DuVauchelle, 135 Hawai'i 482, 489, 353 P.3d 1024, 1031 (2015). When interpreting the requirements for an appealable final judgment under

HRS § 641-1(a) and HRCP Rule 58, the Supreme Court of Hawai'i has explained that

> [i]f we do not require a judgment that resolves on its face all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for evidence of finality, . . . and we should not make such searches necessary by allowing the parties the option of waiving the requirements of HRCP [Rule] 58.

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (citation omitted; original emphasis). Consequently, "an order disposing of a circuit court case is appealable when the order is reduced to a separate judgment." Alford v. City and Count of Honolulu, 109 Hawai'i 14, 20, 122 P.3d 809, 815 (2005) (citation omitted; emphasis added). "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Jenkins, 76 Hawai'i at 120, 869 P.2d at 1339 (footnote omitted).

On December 28, 2015, the Circuit Court clerk filed the record on appeal for appellate court case number CAAP-15-0000874, which does not contain a final judgment on all of the claims in Civil No. 14-1-2398-11. Absent an appealable final judgment on all of the claims in Civil No. 14-1-2398-11, we lack appellate jurisdiction to review the five Circuit Court Orders for which the Appellants seek appellate review.

With respect to the two District Court Orders from which the Appellants are appealing, HRS § 641-1(a) also authorizes appeals from final judgments, orders or decrees in civil district court cases.

> In district court cases, a judgment includes any order from which an appeal lies. . . . A final order means an order ending the proceeding, leaving nothing further to be accomplished. . . . When a written judgment, order, or decree ends the litigation by fully deciding all rights and liabilities of all parties, leaving nothing further to be adjudicated, the judgment, order, or decree is final and appealable.

Casumpang v. ILWU, Local 142, 91 Hawaiʻi 425, 426, 984 P.2d 1251, 1252 (1999) (citations, internal quotation marks, and footnote omitted; emphases added). However, the requirements for perfecting an aggrieved party's right to appeal in district court cases are slightly different from circuit court cases, because Rule 58 of the Hawaiʻi District Court Rules of Civil Procedure (DCRCP) differs from HRCP Rule 58. The requirement of a separate judgment under HRCP Rule 58 and the holding in Jenkins is "not applicable to district court cases." Casumpang, 91 Hawaiʻi at 427, 984 P.2d at 1253.

> DCRCP Rule 58 . . . , in contrast to HRCP Rule 58, does not by its plain language require that judgment be set forth on a separate document. Thus, the requirements set forth in Jenkins . . . are not applicable to district court cases. Consequently, an order that fully disposes of an action in the district court may be final and appealable without the entry of judgment on a separate document, as long as the appealed order ends the litigation by fully deciding the rights and liabilities of all parties and leaves nothing further to be adjudicated.

Id. (citations, internal quotation marks and footnote omitted).

In the instant case, it appears that the District Court has not yet entered a final order or final judgment that fully

decides all of the rights and liabilities of all parties in Civil No. 1RS14-1-7371, such as the remaining substantive issue whether Plaintiff/Counterclaim-Defendant/Appellee M Pocket Corporation (Appellee M Pocket) is entitled to an award of breach of lease money damages. We recognize that, the District Court entered an October 16, 2014 judgment for possession in Civil No. 1RS14-1-7371 that was immediately appealable pursuant to the Forgay doctrine (based on the United States Supreme Court's holding in Forgay v. Conrad, 47 U.S. 201 (1848)), which "allows an appellant to immediately appeal in a judgment for execution upon property, even if all claims of the parties have not been finally resolved." KNG Corp. v. Kim, 107 Hawai'i 73, 77, 110 P.2d 397, 401 (2005) (citation and internal quotation marks omitted); Lambert v. Teisina, 131 Hawai'i 457, 462, 319 P.3d 376, 381 (2014). Nevertheless, the Appellants did not timely appeal from the October 16, 2015 judgment for possession, and, consequently, they "must await final resolution of all claims in the case [through the entry of the final judgment] before challenging the judgment for possession." Ciesla v. Reddish, 78 Hawai'i 18, 21, 889 P.2d 702, 705 (1995). The same principle applies to the District Court Orders for which the Appellants seek appellate review in the instant appeal. Once the District Court enters a final order or final judgment that adjudicates all of the remaining substantive issues in Civil No. 1RC14-1-7371, any aggrieved party will be entitled to assert a timely appeal, and,

"[a]n appeal from a final judgment brings up for review all interlocutory orders not appealable directly as of right which deal with issues in the case." Ueoka v Szymanski, 107 Hawaiʻi 386, 396, 114 P.3d 892, 902 (2005) (citation and internal quotation marks omitted); State v. Adam, 97 Hawaiʻi 475, 482, 40 P.3d 877, 884 (2002) ("As a general rule, an appeal from a final judgment in a case brings up for review all preceding interlocutory orders in the case." (Citations omitted).). In other words, the Appellants are "required to await the conclusion of the case and the entry of final judgment [or an appealable final order] before filing their notice of appeal." Hawaii Ventures, LLC v. Otaka, Inc., 114 Hawaiʻi 438, 505, 164 P.3d 696, 763 (2007) (citation omitted).

In addition, the October 26, 2015 order is clearly not an appealable order, because HRS § 641-1(b) expressly prohibits appellate review of the circuit court's refusal to allow an interlocutory appeal from an interlocutory order:

> (b) Upon application made within the time provided by the rules of court, an appeal in a civil matter may be allowed by a circuit court in its discretion from an order denying a motion to dismiss or from any interlocutory judgment, order, or decree whenever the circuit court may think the same advisable for the speedy termination of litigation before it. The refusal of the circuit court to allow an appeal from an interlocutory judgment, order, or decree shall not be reviewable by any other court.

(Emphasis added).

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-15-0000874 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER HEREBY ORDERED that all pending motions in appellate court case number CAAP-15-0000874 are dismissed as moot.

DATED: Honolulu, Hawaiʻi, February 23, 2016.

Presiding Judge

Associate Judge

Associate Judge